IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| LEILANIE D. THUNE, | ) | |
| | ) | |
| Plaintiff, | ) | CV-10-67-GF-SEH-RKS |
| | ) | |
| | ) | FINDINGS AND |
| MICHAEL J. ASTRUE, | ) | RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

Plaintiff Ms. Leilanie Thune seeks judicial review of the decision of

Defendant, Commissioner of Social Security ("Commissioner"), denying her

applications for Disability Insurance Benefits("DIB") under Title II of the Social

Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income

benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). This case was reassigned to the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on January 3, 2011. Now pending are the parties' motions for summary judgment (C.D. 13, 16). Having considered the issues raised by the parties, together with the administrative record, the Commissioner's motion should be granted, and the denial of benefits should be affirmed.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed her application for SSI on October 12, 2005, alleging she was unable to work since December 3, 2004. Tr. at 98-100. Her application was denied initially on November 15, 2005. *Id.* at 95-97. A hearing was held on February 21, 2008. *Id.* at 293-344. The ALJ denied benefits on August 5, 2008. *Id.* at 228-239. The Appeals Council remanded the decision on April 3, 2009 because the record did not address a May 1, 2008 physician note finding Ms. Thune unemployable. *Id.* at 247-250. The ALJ again denied benefits on November 13, 2009. *Id.* at 43-55. On August 26, 2010, the Appeals Council denied Ms. Thune's request for review, making the ALJ's November 2009 decision the final decision of the Commissioner. (Tr. 6-8). Ms. Thune appeals this decision.

## II.    STANDARD OF REVIEW

The Court's review in this case is limited. The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, *Palmer v. Celebrezza*, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

## III. BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id.* at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. *Id.* At step two, the claimant must show she has a severe impairment. *Id.* At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the listing of impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy

given the claimant's age, education, work experience and residual functional capacity ("RFC").  *Jones*, 760 F.2d at 995.

## IV.   DISCUSSION

The ALJ correctly determined at step one that Ms. Thune has not engaged in substantial gainful activity since December 3, 2004.  Tr. 54.  At step two, the ALJ found Ms. Thune had severe impairments of left hip bursitis and chronic low back pain.  *Id.* at 48.  Ms. Thune argues the ALJ erred by not finding her depression disorder severe.  C.D. 14, p. 10.  The Commissioner argues the ALJ properly did not find Ms. Thune's depression severe because it is controlled by medication, she denied symptoms of depression, testing showed no major depressive disorder, and she has never been treated by a mental health specialist.  C.D. 17, p. 6.

The burden of establishing a severe impairment lies on the claimant.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The claimant must prove that a medical impairment "significantly limits an individual's physical or mental ability to do basic work activities" to establish a severe impairment.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005).  A mere diagnosis of an impairment with no demonstration of limiting effects does not meet the severe impairment standard.  *Carmickle v. Commissioner*, 533 F.3d 1155, 1164-1165 (9th Cir. 2008).

The ALJ correctly determined Ms. Thune's depression was not a severe

impairment. At her psychological evaluation in 2006, Ms. Thune denied symptoms of depression and her testing did not reveal any such symptoms. Tr. 215. Ms. Thune did not seek treatment for depression from a mental health specialist since the onset of her symptoms in 2004. Tr. 300-301. Ms. Thune did not meet her burden in establishing that her depression is a severe impairment.

At step three the ALJ had substantial evidence in finding that Ms. Thune's severe impairments did not meet the appropriate listings. He examined Ms. Thune's back and hip impairments under listing 1.04 Disorders of the Spine and listing 1.02A Major Dysfunction of a Joint and properly determined that her impairments did not meet the requirements of those listings. Tr. 49.

The ALJ reviewed Ms. Thune's mental impairments of anxiety, depression, psychological factors affecting a physical condition, and features of dependent personality disorder under listing 12.00B and 12.00C. Tr. 50. The ALJ had substantial evidence in finding Ms. Thune had no limitation in daily living, mild limitation in social functioning, no limitation in concentration, persistence or pace, and no episodes of decompensation. *Id.* Ms. Thune's mental impairments were properly determined to be nonsevere.

Next the ALJ considered Ms. Thune's RFC, or her ability to do physical and mental work despite her severe and non-severe impairments. Tr. 51. In making

this determination, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If statements about these factors are not substantiated by the medical record, the ALJ must determine the credibility of the claimant's statements.  20 C.F.R. § 416.929.

Ms. Thune argues the ALJ erred by not providing specific facts for finding her statements lacked credibility. C.D. 14, p. 20.  The Commissioner argues the ALJ did lay out several facts supporting his credibility determination.  C.D. 17, p. 12.  Specifically, the Commissioner points out that the ALJ noted the following: Ms. Thune claimed she left work due to her pain but was actually fired; she lied about losing medication and her doctor had concerns about drug-seeking behavior; she performs many daily activities that are inconsistent with disabling impairment; many of her physical examinations showed few problems; and she testified to symptoms that she never mentioned to any doctors.  *Id.*

The ALJ had substantial evidence supporting his credibility determination. Many of the ALJ's findings regarding Ms. Thune's lack of credibility would by themselves be adequate grounds for finding a claimant not credible.  *See Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (claimant whose testimony was contradicted by medical records and admitted daily activities properly found not credible);  *Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir.2001) (drug-

seeking behavior is clear and convincing reason to discount claimant's credibility); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (claimant properly found not credible who was laid off rather than leaving his job due to injury). In addition to the findings noted by the Commissioner, the ALJ also found that Ms. Thune entered a doctor's visit using a cane, but left without it walking fairly normally and had to be reminded to bring her cane with her. Tr. 52. The ALJ's findings refute Ms. Thune's argument that he did not provide specific reasons for finding her statements not fully credible.

In determining Ms. Thune's RFC, the ALJ next considered the treating and non-treating physicians' reports. The ALJ is required to resolve any conflicts in the claimant's medical record. *Carmickle v. Commissioner*, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ considers the following factors in evaluating medical opinions: the examining and treatment relationship with the claimant, the support provided for the opinion, the source's medical specialty, the opinion's consistency with other evidence in the record, and any other factors supporting or contradicting the opinion. 20 C.F.R. 404.1527(d). Treating physicians' opinions are generally entitled to more weight than non-treating physicians. *Carmickle*, 533 F.3d at 1164. Examining physicians' opinions are given greater weight than non-examining physicians. 20 C.F.R. § 404.1527(d). The opinions of specialists are given more

weight than non-specialists in matters relating to their specialty. 20 C.F.R. § 404.1527(d)(5).

If a treating physician's opinion is uncontradicted, the ALJ must give clear and convincing reasons for rejecting the opinion. *Carmickle*, 533 F.3d at 1164. When the treating physician's opinion is contradicted by another doctor, the ALJ must have specific and legitimate reasons for rejecting the opinion. *Id.* The opinion of a non-examining physician "does not by itself constitute substantial evidence that warrants a rejection" of the treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). The ALJ must have additional evidence such as laboratory results, contrary reports from other physicians, or testimony from the claimant that conflicts with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

Ms. Thune argues the ALJ erred by ignoring her treating physician's opinion that she "was likely disabled from competitive work at this time." C.D. 14, p. 16. Ms. Thune states that her other examining physicians' records are consistent with her treating physician Dr. Hinde's opinion. *Id.* at 15. The Commissioner argues the ALJ reasonably gave Dr. Hinde's opinion little weight because "it conflicted with large parts of the record, including Dr. Hinde's own treatment and examination notes." C.D. 17, p. 7. In her reply brief, Ms. Thune quotes Dr.

Hinde's records stating he "reviewed Dr. Vallin's IME of 2006 and certainly agree with his findings in that he felt it was highly unlikely she would ever feel able to return to work or be perceived able to return to work." C.D. 19, p.2.

Ms. Thune does not cite to Dr. Vallin's IME records, nor do they appear to be in the record. Dr. Johnson reviewed Dr. Vallin's records in some detail in his psychological evaluation of Ms. Thune in November 2006, however. Tr. 211-216. Dr. Johnson cites Dr. Vallin's IME of Ms. Thune as follows:

- "symptoms are subjective and not supported by the objective medical records"

- "the statistical odds of Ms. Thune never returning to gainful employment, in my opinion, are 0%. On a strictly objective basis, it is the opinion of this medical examiner that Ms. Thune would be capable of sedentary to light physical demand labor"

- "Ms. Thune perceives herself as being disabled and unable to maintain painful employment" Tr. 213.

Although Dr. Hinde's reading of Dr. Vallin's IME is somewhat ambiguous as to Ms. Thune's disability, Dr. Vallin's statements (as quoted by Dr. Johnson) are not. Dr. Vallin found that while Ms. Thune believed herself to be disabled, he thought she was capable of sedentary to light physical demand labor. Tr. 213.

Thus, Dr. Hinde is the only physician on record who has found Ms. Thune incapable of competitive work.

The ALJ had the requisite specific and legitimate reasons to discount Dr. Hinde's opinion that Ms. Thune could no longer work. The ALJ gave little weight to Dr. Hinde's opinion because "it is inconsistent with the other treatment records in the file, including his own." The ALJ pointed out that Dr. Hinde's records showed he believed her capable of work prior to May 1, 2008. His records also showed Ms. Thune's gait was normal, her muscle bulk was symmetric, she had at least 4/5 of lower bilateral extremities, and no gross sensory impairments to touch. Tr. 53.

The ALJ also noted records of Ms. Thune's other treating physicians showing she had normal motor strength in her spine, no edema, no disk herniation, and no nerve root impingement. Tr. 53. Dr. VanGilder saw Ms. Thune for a surgical consult at the request of Dr. Hinde, and he did not recommended surgery but instead continued conservative care. Tr. 286, 271. Both Dr. VanGilder and Dr. Vallin's opinions were contrary to Dr. Hilde's, providing a specific and legitimate reason for the ALJ to reject his opinion. See *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) "[T]o the extent that [the nontreating physician's] opinion rests on objective clinical tests, it must be viewed as substantial evidence. . . ." Dr. Vallin

and Dr. VanGilder each performed independent examinations of Ms. Thune and did not determine she was disabled. Dr. Vallin performed an IME on Ms. Thune and Dr. VanGilder performed a physical examination and reviewed Ms. Thune's MRI and medical history in forming his opinion. As both of these examining physicians' opinions rested on objective clinical tests, they must be viewed as substantial evidence for rejecting the treating physician's opinion. *Allen*, 749 F.2d at 579.

The ALJ also gave Dr. Hinde's opinion little weight because it is contradicted by the numerous daily activities Ms. Thune testified to performing at the hearing. Tr. 53. Ms. Thune said she was able to do housework such as vacuuming (Tr. 307), gardening with a cart (Tr. 317, 378), lay tile in her bathroom, (Tr. 322), cook with cast iron pans (Tr. 392), and grocery shop (Tr. 393). The ALJ properly considered these activities in finding Ms. Thune was capable of some gainful activity.

At step four, the ALJ found Ms. Thune was capable of performing her past relevant work as a rental car delivery driver and as an office worker. Tr. 54. The ALJ had substantial evidence supporting his RFC finding, and the Vocational Expert based her finding that Ms. Thune could return to her previous work based upon his RFC. Ms. Thune is therefore not disabled under the Social Security Act

20 C.F.R. 404.1520(f).  The ALJ did not err in so finding.

Therefore, **IT IS HEREBY ORDERED**

1.  Plaintiff's motion for summary judgment is **DENIED**.

2.  Defendant's motion for summary judgment is **GRANTED**.

DATED this 20th day of June, 2011.

*/s/ Keith Strong*
**Keith Strong**
United States Magistrate Judge